IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DIXIE WEISGARBER, on behalf of herself and similarly situated employees, | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : FILED ELECTRONICALLY ON DECEMBER 12, 2018 |
| | : |
| NORTH AMERICAN DENTAL GROUP, LLC; NORTH AMERICAN DENTAL MANAGEMENT, LLC; PROFESSIONAL DENTAL ALLIANCE, LLC; and REFRESH DENTAL MANAGEMENT, LLC, | : COLLECTIVE ACTION |
| | : JURY TRIAL DEMANDED |
| Defendants. | : |

## COMPLAINT – COLLECTIVE ACTION

Plaintiff Dixie Weisgarber ("Plaintiff") files this complaint against Defendants North American Dental Group, LLC, North American Dental Management, LLC, Professional Dental Alliance, LLC, and Refresh Dental Management, LLC (collectively "Defendants" or "North American Dental"), alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, on behalf of herself and other individuals who worked as Office Managers ("OMs") at Defendants' dental offices in the United States (hereafter "North American Dental offices"). *See* paragraph 24 *infra* (defining the collective). Plaintiff seeks the following relief for herself and others: (i) unpaid overtime wages; (ii) liquidated damages; and (iii) reasonable attorneys' fees and costs. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331, 1332, 1337, and 29 U.S.C. § 216(b).

2. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Defendants are subject to personal jurisdiction in the Northern District of Ohio.

4. Venue is proper in the Northern District of Ohio, Mahoning County, pursuant to 28 U.S.C. § 1391(b) because, as described below, Plaintiff resides in this judicial district and a substantial part of the events or omissions giving rise to her claims occurred in this judicial district.

5. Defendants are a covered employer within the meaning of the FLSA and have had gross revenues exceeding $500,000.00 for all relevant times.

## THE PARTIES

*Plaintiff Dixie Weisgarber*

6. Plaintiff is an adult individual residing in Warren, Ohio (Trumbull County).

7. Plaintiff was employed by Defendants as an OM from on or about September 2015 until on or about April 2016, at the North American Dental office located in Youngstown, Ohio (Mahoning County).

8. Plaintiff regularly worked over 40 hours in a workweek for Defendants' benefit during her employment as an OM.  In particular, Plaintiff estimates that she generally worked approximately 50 to 60 hours during a typical workweek.

9. For the entirety of Plaintiff's employment as an OM, Defendants classified her as an exempt employee, not entitled to an overtime premium for hours worked over 40 per week.

10. Pursuant to Defendants' policy, pattern or practice, Plaintiff was not paid proper compensation for all hours worked, including overtime compensation for all hours worked over 40 in a workweek.

11. Plaintiff's written consent to join this action is attached hereto.

*Defendants*

12. Defendants are corporations with their corporate headquarters in New Castle, Pennsylvania. North American Dental Group, LLC is organized and existing under the laws of Delaware, and North American Dental Management, LLC, Professional Dental Alliance, LLC, and Refresh Dental Management, LLC are organized and existing under the laws of Ohio.

13. Defendants employed Plaintiff and employ other similarly situated current and former OMs at North American Dental locations nationwide.

14. Professional Dental Alliance, LLC, is the entity listed on Plaintiff's W-2s.

15. At all times relevant, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and applicable state laws.

16. At all times relevant, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and applicable state laws.

17. At all times relevant, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of section 3(s)(1) of the FLSA and applicable state laws, because Defendants have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have moved in or were produced for commerce by any person, 29 U.S.C. § 203(s)(1).

18. Defendants have a gross volume of sales made or business done of not less than $500,000.00.

19. At all times relevant, Plaintiff and all similarly situated OMs were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

20. Each Defendant is a covered employer within the meaning of the FLSA and, at all times relevant, employed and/or jointly employed Plaintiff and similarly situated employees.

21. Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions and the unlawful policies and practices alleged herein.

22. Defendants issued paychecks to Plaintiff and similarly situated employees during their employment.

23. Pursuant to Defendants' policy and pattern or practice, Defendants did not pay Plaintiff and other similarly situated employees, whether during training or thereafter, proper overtime wages for hours they worked in excess of 40 hours per workweek, as required by the FLSA and applicable state laws.

## FLSA COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who are or were formerly employed by Defendants as OMs (and other employees holding comparable positions but different titles) at North American Dental locations nationwide at any time from three years prior to the filling of this action through the entry of judgment (the "Putative FLSA Collective").  The North American Dental locations referenced herein include, among other locations, the "over 150 dental practices" referenced in the current version of the North American Dental Group website.  *See* http://nadentalgroup.com/our-brands/.  Moreover, the Putative FLSA Collective is intended to include OMs' employment during both training and non-training periods.

25. Defendants are liable under the FLSA for, *inter alia*, failing to properly pay Plaintiff and Putative FLSA Collective members for the hours they worked over 40 in a workweek.

26. There are numerous similarly situated current and former OMs (and other employees holding comparable positions but different titles) who have not been paid proper overtime wages in violation of the FLSA and who would benefit from the issuance of court-

4

supervised notice of this lawsuit and the opportunity to join it. Thus, notice should be sent to Putative FLSA Collective members pursuant to 29 U.S.C. § 216(b).

27. Those similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

28. Plaintiff and Putative FLSA Collective members, all of whom regularly worked more than 40 hours in a workweek without compensation for such hours, were employed as OMs by Defendants at their North American Dental locations.

29. Defendants failed to keep accurate records of all hours worked by Plaintiff and Putative FLSA Collective members.

30. Throughout the relevant period, it has been Defendants' policy, pattern, or practice to require, suffer, or permit Plaintiff and Putative FLSA Collective members to work in excess of 40 hours per workweek without paying them overtime wages for all overtime hours worked.

31. Defendants assigned the work that Plaintiff and Putative FLSA Collective members have performed or Defendants were aware of the work they performed.

32. The work performed by Plaintiff and Putative FLSA Collective members constitutes compensable work time under the FLSA and was not preliminary, postliminary or *de minimus*.

33. Defendants have intentionally, willfully, and regularly engaged in a company-wide policy, pattern, or practice of violating the FLSA with respect to Plaintiff and Putative FLSA Collective members, which policy, pattern or practice was authorized, established, promulgated, and/or ratified by Defendants' corporate headquarters. This policy, pattern or practice includes but is not limited to:

    a. willfully failing to record all of the time Plaintiff and Putative FLSA Collective members have worked for the benefit of Defendants;

      b. willfully failing to keep accurate time records as required by the FLSA;

      c. willfully failing to credit Plaintiff and Putative FLSA Collective members for all hours worked including overtime hours, consistent with the requirements of the FLSA; and

      d. willfully failing to pay Plaintiff and Putative FLSA Collective members wages for all hours worked including overtime wages for hours in excess of 40 hours per workweek.

34. Defendants is aware, or should have been aware, that the FLSA requires it to pay Plaintiff and Putative FLSA Collective members an overtime premium for hours worked in excess of 40 hours per workweek.

## COMMON COLLECTIVE FACTUAL ALLEGATIONS

35. Consistent with Defendants' policy, pattern or practice, Plaintiff and the Putative FLSA Collective members regularly worked in excess of 40 hours per workweek without being paid overtime wages. For example, Plaintiff estimates that she generally worked approximately 50 to 60 hours during a typical workweek.

36. All Putative FLSA Collective members performed the same or substantially similar primary job duties.

37. During training, the primary duties of OMs include, but are not limited to, completion of required training.

38. After training, the primary duties of OMs were customer service and sales related. Customer service and sales occupied the majority of Plaintiff's and the other OMs' working hours.

39. Plaintiff's and the other OMs' primary job duties did not include:

      a. hiring;

      b. firing;

      c. setting rates of pay;

6

  d. scheduling other employees; or

  e. disciplining other employees.

 40. Plaintiff's and the other OMs' primary duties did not differ substantially from the duties of non-exempt hourly paid employees.

 41. Plaintiff and the other OMs did not exercise a meaningful degree of independent discretion with respect to the exercise of their duties.

 42. Pursuant to a centralized, company-wide policy, pattern, and practice, Defendants classified all OMs as exempt from coverage of the overtime provisions of the FLSA and applicable state laws.

 43. Defendants did not perform a person-by-person analysis of every OMs' job duties when making the decision to classify all of them (and other employees holding comparable positions but different titles) as exempt from the FLSA's overtime protections, as well as the protections of applicable state laws.

 44. Upon information and belief, Defendants' unlawful conduct described in this Collective Action Complaint is pursuant to a corporate policy or practice of minimizing labor costs by violating the FLSA.

 45. Defendants' failure to pay overtime wages for work performed by the Putative FLSA Collective members in excess of 40 hours per workweek was willful.

 46. Defendants' unlawful conduct has been widespread, repeated and consistent.

### FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Unpaid Overtime Wages
### Brought on Behalf of Plaintiff and Putative FLSA Collective Members

 47. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

48. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Collective Action Complaint.

49. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

50. At all relevant times, Plaintiff and Putative FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

51. The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.* apply to Defendants.

52. Defendants are employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

53. At all times relevant, Plaintiff and Putative FLSA Collective members were employees within the meaning of 29 U.S.C. §§ 203 (e) and 207(a).

54. Defendants have failed to pay Plaintiff and other similarly situated Putative FLSA Collective members the overtime wages to which they were entitled under the FLSA.

55. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been intentional and willful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated Putative FLSA Collective members.

56. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

57. As a result of the Defendants' violations of the FLSA, Plaintiff and all other similarly situated Putative FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

58. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated Putative FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated Putative FLSA Collective members, prays for the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Putative FLSA Collective members. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.*, and the supporting United States Department of Labor regulations, and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

C. A reasonable incentive award for Plaintiff to compensate her for the time and effort she has spent and will spend protecting the interests of other OMs, and for the risks she took in doing so;

D. Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful under appropriate state law;

E. Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

F. Pre-judgment interest and post-judgment interest as provided by law;

G. Attorneys' fees and costs of the action, including expert fees; and

H. Such other relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues so triable.

Dated:  December 12, 2018

Respectfully submitted,

s/ Peter Winebrake
Peter Winebrake
E-mail:  pwinebrake@winebrakelaw.com
Winebrake & Santillo, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491

Gregg I. Shavitz, Esq.*
E-mail: gshavitz@shavitzlaw.com
Paolo C. Meireles, Esq.*
E-mail: pmeireles@shavitzlaw.com
Alan Quiles, Esq.*
Email: aquiles@shavtizlaw.com
Logan A. Pardell, Esq.*
Email: lpardell@shavitzlaw.com
SHAVITZ LAW GROUP, P.A.
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
(561) 447-8888

*Attorneys for Plaintiff and the Collective*

**Pro Hac Vice* Application Forthcoming*