**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

-------------------------------------------------------------X
DIXIE WEISGARBER, Individually and On     :
Behalf of All Others Similarly Situated,     :
    :
          Plaintiff,     :     CASE NO. 4:18-cv-02860-BYP
    -against-     :
    :     JUDGE BENITA Y. PEARSON
NORTH AMERICAN DENTAL GROUP, LLC,     :
*et al.*,     :
          Defendants.     :
-------------------------------------------------------------X

## PLAINTIFFS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37

Plaintiff Dixie Weisgarber, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through undersigned counsel, and pursuant to Fed R. Civ. P. 37 and N.D. Ohio L.R. 7.1, files this Motion for Sanctions as a result of Defendants', North American Dental Group, LLC, North American Dental Management, LLC, Professional Dental Alliance, LLC, and Refresh Dental Management, LLC (collectively, "Defendants"), refusal to comply with this Court's July 29 and August 2, 2019 Orders, and states:

## RELEVANT FACTS AND PROCEDURAL HISTORY

1. This is a putative collective action filed pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, seeking unpaid overtime wages on behalf of all exempt-classified Office Managers ("OMs") employed by Defendants nationwide. ECF No. 1 at p. 1.

2. Pursuant to this Court's Case Management Conference Order, discovery has been bifurcated to "proceed in two phases. Phase One discovery [] pertain[s] narrowly to conditional certification under the FLSA. Phase Two [] pertain[s] to the merits." ECF No. 37 at ¶ 10.

3. Accordingly, on April 24, 2017, Plaintiffs served upon Defendants Plaintiffs' First Set of Interrogatories ("Rogs") and First Set of Requests for Production ("RFPs"), both of which were limited to Phase One issues. Relevant to this Motion, Plaintiffs' Rog 1 and RFP 3 requested:

1

**Rog 1:** Identify, as the term is defined herein, all Office Managers employed by Defendants during the Material Time including their names, last known address(es), last known telephone number(s), last known e-mail address(es), dates of employment as Office Managers, and locations of employment.

**RFP 3:** Documents that list the locations at which Office Managers work or worked in the United States of America, at any time during the Material Time, and the hours of operation at each such location.

In sum, Rog 1 and RFP 3 sought information from **all** states in which any Defendant employed OMs, not just the states in which the current Plaintiff and/or Opt-in Plaintiffs were employed.[1]

4.    On May 24, 2019, Defendants' served written responses to, *inter alia*, Plaintiffs' Rog 1 and RFP 3, reflecting an identical, boilerplate objection to each which read:

Objection. This Interrogatory [and Request] do[] not pertain narrowly to conditional certification under the FLSA. [They are] overly-broad, premature, and not "proportional to the needs of the case" as required by Fed. R. Civ. P. 26(b)(1) and this Court's Case Management Conference Order, Doc #37.

5.    Plaintiffs ultimately moved to compel these requests.  ECF No. 47 at 3.  In response to the Motion to Compel, Defendants reiterated their underlying objections premised on the fact that Plaintiff and the Opt-in Plaintiffs were "from just two geographic regions," and "Defendants have had limited contact with OMs in the Ohio and PA regions only, not nationwide." *Id.* at 3-4.

6.    On July 29, 2019, Magistrate Judge Burke overruled Defendants' objections and ordered that, "[o]n or before August 5, 2019, Defendants shall respond to Plaintiff's Rog[] 1[]. Also, on or before August 5, 2019, Defendants shall respond to Plaintiff's RFP 3, as narrowed by the parties, i.e., in response to RFP 3, Defendants are only required to provide the number of offices per state in which Office Managers ('OMs') worked."  ECF No. 48 at 2.

---

[1]    To the extent Plaintiffs' Rog and/or RFP were unclear (they were not), Plaintiffs defined "Office Managers" in their discovery requests to "mean and refer to any overtime exempt-classified Office Manager and similarly situated current and former employees of Defendants holding comparable positions but different titles and all of Defendants' current or former employees working at **any and all of Defendants' locations** in that position[.]" (emphasis added).

7.  On August 1, 2019, Defendants filed objections to Magistrate Judge Burke's Order, generally reiterating their prior objections.  ECF No. 50.

8.  On August 2, 2019, this Court overruled Defendants' objections to Magistrate Judge Burke's Order, and again compelled Defendants to produce the requested information for all "**potential** opt-in plaintiffs[.]"  ECF No. 51 at 2 (emphasis added).

9.  On August 5, 2019, Defendants served updated responses, incorporating objections in spite of the Courts' two Orders, which read as follows:

> **Rog 1:** Objection. This Interrogatory does not pertain narrowly to conditional certification under the FLSA. It is overly-broad, premature, and not "proportional to the needs of the case" as required by Fed. R. Civ. P. 26(b)(1) and this Court's Case Management Conference Order, Doc #37.  Without waiving this objection, and pursuant to Magistrate Judge Kathleen B. Burke's Order of July 29, 2019, CM/ECF Doc #: 48, and Judge Benita Y. Pearson's Order of August 2, 2019 Doc. #51, Defendants respond as follows.  Professional Dental Alliance, LLC, was the Defendant providing direct employment to Office Managers during the Material Time as requested by Interrogatory No. 1.  Pursuant to Federal R. Civ. P. 33(d), Defendants further respond by producing business records identifying, as the term is defined herein, all Office Managers directly employed by Defendant, Professional Dental Alliance, LLC, during the Material Time. (DEFENDANTS-000753 - DEFENDANTS-000755).

> **RFP 3:** Objection. This Request does not pertain narrowly to conditional certification under the FLSA. It is overly-broad, premature, and not "proportional to the needs of the case" as required by Fed. R. Civ. P. 26(b)(1) and this Court's Case Management Conference Order, Doc #37.  Without waiving this objection, and pursuant to Magistrate Judge Kathleen B. Burke's Order of July 29, 2019, CM/ECF Doc #: 48, and Judge Benita Y. Pearson's Order of August 2, 2019 Doc. #51, Defendants respond as follows.  Professional Dental Alliance, LLC, was the only Defendant providing direct employment to Office Managers during the Material Time as defined by Item "S" in the Requests for Production and as requested by Request No. 3.  Defendants further respond by stating the following number of offices per state in which Office Managers worked for Professional Dental Alliance, LLC:  Ohio: 51[;] Pennsylvania: 15 Offices[;] Indiana: 11 Offices[;] Michigan: 26 Offices[.]

10. Thus, in response to the Court's two Orders requiring production of information with respect to **all** OMs/"**potential** opt-in plaintiffs" employed by "any and all Defendants," *see supra*

3

n. 1, Defendants intentionally represented that it was only Defendant Professional Dental Alliance, LLC ("PDA") who employed potential opt-in plaintiffs, and PDA did so in only four states. Defendants' responses to Rog 1 and RPF 3 otherwise gave no indication that they were withholding responsive information on the basis of their objections or for any other reason.

11. Ultimately, Phase One discovery closed on August 16, 2019, with Plaintiffs filing their Motion to Conditional Certify an FLSA Collective Action and Authorize Notice to Potential Collective Members [ECF No. 57] ("Conditional Certification Motion") on the same day.

12. On December 20, 2019, Defendants filed their Opposition to Plaintiffs Conditional Certification Motion ("Opposition"). ECF No. 72. Therein, Defendants objected to, *inter alia*, notice being issued to more than four states because PDA, who "is the only employer of Plaintiff and all of the Declarants[,] has offices in [only] four states - - Ohio, Pennsylvania, Michigan and Indiana." *Id.* at 22. Defendants further argued that because Plaintiffs failed to prove "that Defendants jointly employ OMs" in other states, and because Plaintiffs' evidence "is limited to only OMs employed by PDA[,]" conditional certification should be limited to only four states.[2]

13. Defendants' latest position is troubling, given their twice Court-ordered supplemental responses to Rog 1 and RFP 3 indicated that OMs and potential opt-in plaintiffs were employed only by PDA, and only in four states, suggesting there were no other OMs/potential opt-in plaintiffs anywhere in the country potentially employed by any other Defendants.

14. Now, Defendants' Opposition for the first time highlights that rather than provide information regarding **all** OMs/potential opt-in plaintiffs, Defendants unilaterally limited their supplemental responses to Rog 1 and RFP 3 to only OMs/potential opt-in plaintiffs who worked

---

[2]     Plaintiffs stress that Defendants' characterization of Plaintiffs' supporting evidence is categorically **false** and Defendants' recitation of the law and legal standard is **flatly incorrect**. However, this will be addressed in greater detail in Plaintiffs' soon-to-be-filed Reply in Support of their Conditional Certification Motion ("Conditional Certification Reply"), as these issues are not relevant to the instant Motion.

in the four states that Defendants' claim PDA was operating within, while intentionally concealing from Plaintiffs that Defendants were withholding responsive information regarding OMs/potential opt-in plaintiffs in several other states who arguably worked for one or more of the other named Defendants.  Again, Defendants' responses to Rog 1 and RPF 3 made no indication that they were withholding Court-ordered responsive information on the basis of their objections or for any other reason, though that is exactly what they did.  Defendants' actions are in direct violation of this Court's **two** prior discovery orders, and the Federal Rules requiring that "an objection must state whether any responsive materials are being withheld on the basis of that objection."  Fed. R. Civ. P. 34(b)(2)(C).

15. Plaintiffs certify that in advance of filing the instant Motion, on January 3, 2020 Plaintiffs conferred with Defendants via phone regarding this Motion.  Defendants confirmed their intentional withholding of this discovery.  Yet, Defendants are not willing to independently remedy their violation of this Court's Orders, and otherwise oppose the relief sought herein.

16. Given Defendants' willful violation of this Court's Orders and the Federal Rules, Plaintiffs respectfully seek appropriate sanctions against Defendants, including but not limited to (i) an inference that any testimony which may have been elicited from OMs in the absent states would have supported certification of the FLSA collective; (ii) an admonishment that continued violations of this Court's orders could lead to dispositive sanctions; (iii) attorneys' fees and costs associated with this Motion; and (iv) and any further relief that this Court deems just and proper.

## ARGUMENT

### I.  Legal Standard

"If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just

orders," pursuant to Fed. R. Civ. P. 37(b)(2).[3]  "A party 'fails to obey' a discovery order merely by failing to comply; **no showing of willfulness, bad faith, or malice is needed**."  *Tech. Recycling Corp. v. City of Taylor*, 186 F. App'x 624, 631-32 (6th Cir. 2006) (citing *Societe Internationale pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 208 (1958)) (emphasis added); *see also Design Basics, LLC v. Petros Homes, Inc.*, No. 14-CV-1966, 2017 U.S. Dist. LEXIS 32061, at *3 (N.D. Ohio Mar. 7, 2017) (Rule 37 "authorizes the court to impose sanctions if a party fails to make a disclosure by the required date"). Rather, "[w]hether the noncompliance with the order was willful or in bad faith bears only on the appropriate sanction[,]" not on whether sanctions should be imposed.  *Tech. Recycling Corp.*, 186 F. App'x at 632 (citing *Rogers*, 357 U.S. at 208).

## II.   Defendants' Intentional Violation of Two Court Orders, and Efforts to Conceal Same Until It Suited Defendants' Needs, Warrant Sanctions

This Court's Orders were clear.  Not once, but twice, this Court ordered Defendants to produce the contact information for **all potential** opt-in plaintiffs, and disclose the number of office locations per state in which such individuals worked.  In so doing, this Court twice overruled Defendants' objections that Plaintiff's/Opt-in Plaintiffs' locations of employment

---

[3]        Though unnecessary to explore here given Fed. R. Civ. P. 37(b)'s direct applicability, multiple **additional** avenues for sanctions exist where a party violates a court's orders such as is the case here.  For example, a counsel's signature certifies they have "made a reasonable effort to assure that the client has provided all information and documents available to him that are responsive to the discovery demand.  If a certification violates this rule without substantial justification, the court, on motion or on its own, **must** impose an appropriate sanction." *KCI USA, Inc. v. Healthcare Essentials, Inc.*, No. 14-cv-549, 2018 U.S. Dist. LEXIS 118077, at *12 (N.D. Ohio July 16, 2018) (Pearson, *J.*) (citing Fed. R. Civ. P. 26(g)(3)) (internal quotations and citations omitted) (emphasis in original).

"Federal statute 28 U.S.C. § 1927 presents yet another avenue for sanctions against individual counsel . . . to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *KCI USA, Inc.*, 2018 U.S. Dist. LEXIS 118077 at *13.   Under 28 U.S.C. § 1927, "an attorney is sanctionable when he intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *KCI USA, Inc.*, 2018 U.S. Dist. LEXIS 118077 at *14 (internal quotations and citations omitted).

"In addition to the rule-based authority, federal courts have the inherent power to impose sanctions in order to prevent the abuse of the judicial process." *Id.* at *13 (quoting *Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 502 (N.D. Ohio 2013) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991))).  "A court may exercise its inherent power to sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct was tantamount to bad faith." *KCI USA, Inc.*, 2018 U.S. Dist. LEXIS 118077 at *14 (internal quotations omitted) (citing *Laukus*, 292 F.R.D. at 502).

should somehow permit a narrowing of the requested discovery, and compelled **all** discovery responsive to Rog 1 and RFP 3 as applicable to all states in which **potential** opt-in plaintiffs were employed by any Defendants.   Defendants refused, and instead intentionally obscured the fact that responsive information from other states in which OMs were employed was withheld.

Now, after discovery has been closed for over four months, Defendants officially disclose to Plaintiffs and this Court that they have in fact withheld the compelled discovery.  And what is worse, they attempt to use the fact of the withheld discovery as a justification for denial of Plaintiffs' Conditional Certification Motion.  While the implication is simply not supported by the relevant law (*see* Plaintiffs' Conditional Certification Motion and soon-to-be-filed Conditional Certification Reply), Defendants' actions are plainly inexcusable.

Courts in the Sixth Circuit, including this very Court, regularly impose sanctions for similar, blatant disregard of their orders.  For example, in *KCI USA, Inc.*, this Court imposed multiple sanctions against a litigant under Fed. R. Civ. P. 26(g)(3) and 37, and under 28 U.S.C. § 1927, for (i) certifying that discovery responses were consistent with discovery rules and laws when this was known to be false; (ii) failing to comply with the Court's orders to produce responsive discovery; (iii) lack of candor to the Court; and (iv) unreasonably multiplying the proceedings in the case, resulting in additional, unnecessary costs and expenses, and a waste of the Court's resources.  *KCI USA, Inc.*, 2018 U.S. Dist. LEXIS 118077 at *15-26.

Similarly, in *Hitachi Med. Sys. Am., Inc. v. Branch*, this Court again imposed sanctions where a defendant "ignored clear directives" to "'furnish **complete** responses' to [p]laintiff's interrogatories and requests for production of documents[.]"  No. 9-cv-1575, 2011 U.S. Dist. LEXIS 38191, at *9 (N.D. Ohio Apr. 5, 2011) (hereinafter, "*Hitachi I*") (Pearson, *J.*) (emphasis in original).  The underlying Magistrate Judge's report and recommendation, which this Court

adopted, found defendants' violations "to be willful and with disregard to his obligations as a party to th[e] lawsuit."  *Id.* at *8-9.  This Court went on to also impose dispositive sanctions against a second defendant for, *inter alia*, "refusal to respond to [an] Interrogatory[.]"  *Id.* at 12.

Likewise, in *Lawson v. City of Youngstown*, this Court found plaintiff's failure to comply with discovery obligations to be "either an intent to thwart judicial proceedings or a reckless disregard for the effect of her conduct on the proceedings," once again resulting in the imposition of dispositive sanctions.  No. 10-cv-2945, 2013 U.S. Dist. LEXIS 140747, at *7-8 (N.D. Ohio Sep. 30, 2013) (Pearson, *J.*) (internal citations and quotations omitted); *see also Al-Zerjawi v. Kline*, No. 15-cv-2512, 2018 U.S. Dist. LEXIS 53370, at *17-18 (N.D. Ohio Mar. 29, 2018) (Pearson, *J.*) (permitting adverse inference as a result of defendants' failure to comply with this Court's orders compelling discovery); *Laukus*, 292 F.R.D. at 488 (imposing sanctions for failure to comply with discovery order despite suggestion that the error was "nothing more than 'an honest mistake' by counsel involving an 'inadvertent failure to timely produce a document.'").

Here, Defendants' actions far surpass the minimal standard required by Rule 37, necessitating the imposition of just sanctions.   In light of the plethora of decisions highlighting that this Court will not condone such blatant disregard for its Orders, *see supra*, Defendants' actions cannot go unchecked.  Defendants willfully withheld responsive discovery in direct violation of two Court orders.  Then, in bad faith, they sought to obscure their actions, in violation of the Federal Rules, until it suited their own purposes in their Opposition.  Such actions far surpass that which is needed to support the imposition of sanctions.  *Tech. Recycling Corp.*, 186 F. App'x at 631-32 ("no showing of willfulness, bad faith, or malice is needed").

Defendants' only stated "justification" for their blatant violation of two orders was a repackaging of their same, prior objections: that the Plaintiff, Opt-in Plaintiffs, and supporting

declarants did not work in all states in which Defendants operated.[4]  ECF No. 72 at 15-16.  Not only do Defendants' ostensibly raise a merits question in response to conditional certification (which is irrelevant at the conditional certification stage, as will be discussed in Plaintiffs' Conditional Certification Reply), but this same objection has already been overruled by this Court twice over.  *See* ECF No. 47 at 3 (though subsequently overruled by this Court, Defendant objected to this discovery on the basis that, *inter alia*, Plaintiff and Opt-in Plaintiffs did not work in all states in which Defendants operate); ECF No. 50 at 5 (same).  Defendants' actions, and efforts to conceal same, are without any justification and must not be tolerated.

## III.  **Appropriate Sanctions**

Based upon these facts, appropriate sanctions include (i) an inference that any testimony which may have been elicited from OMs in the absent states would have supported certification of the FLSA collective; (ii) an admonishment that continued violations could lead to a dispositive sanction; (iii) attorneys' fees and costs associated with this Motion; and (iv) and any further relief that this Court deems just and proper.

This Court has wide latitude to craft appropriate sanctions.  "Rule 37 cautions that sanctions must be 'just,' meaning that the severity of the sanction must be commensurate with the non-compliance."  *Hitachi Med. Sys. Am., Inc. v. Branch*, No. 9-cv-1575, 2011 U.S. Dist. LEXIS 148083, at *3-5 (N.D. Ohio Dec. 23, 2011) (Pearson, *J.*) (hereinafter, "*Hitachi II*").  "In selecting a sanction under Rule 37, a court may properly consider both punishment and deterrence."  *Laukus*, 292 F.R.D. at 500 (internal citations and quotations omitted).

---

[4]     Defendants now seemingly restate this objection as Plaintiffs having failed to prove one or more Defendants are "joint employers" of OMs in the absent states, and are unable to do so because Plaintiff and Opt-in Plaintiffs did not work in all states in which OMs were employed.  ECF No. 72 at 15-17.  Though false, this is the same argument previously asserted and overruled (twice).  *See supra* pp. 2-3, ¶¶ 4-8.  At **best**, it is a brand new justification, not previously asserted, for withholding previously compelled discovery, and thus is waived in any event.  Fed. R. Civ. P. 33(b), 34(b)(2); *Stillwagon v. City of Del.*, No. 14-cv-807, 2015 U.S. Dist. LEXIS 192261, at *2 (S.D. Ohio Dec. 11, 2015) (under the Fed. R. Civ. P., untimely objections to discovery requests are waived); *United States v. Allen*, No. 12-cv-1034, 2014 U.S. Dist. LEXIS 28167, at *12 (S.D. Ohio Mar. 5, 2014) (same).

Here, this Court should see fit to impose appropriate sanctions in light of Defendants' blatant violation of this Court's Orders, intentional misrepresentation of the completeness of its production, and calculated, attempted use of the withheld production as a basis for opposing Plaintiffs' Conditional Certification Motion. Such actions cannot go unchecked, less they escalate moving forward in this case. This Court's authority must not be disregarded.

A. **Sanction One: Favorable Inference**

Courts may "draw[] an adverse inference against a party for failure to produce evidence in violation of a court order." *Al-Zerjawi*, 2018 U.S. Dist. LEXIS 53370 at *17 (citing *Flagg v. City of Detroit*, 715 F.3d 165, 177 (6th Cir. 2013)). As this Court has noted, "[a]n adverse inference is an inference that the party fears producing the evidence; and this fear is some evidence that the circumstances or document or witness, if brought, would have exposed facts unfavorable to the party." *Al-Zerjawi*, 2018 U.S. Dist. LEXIS 53370 at *17 (internal citations and quotations omitted). "[A]n adverse inference may be drawn when (1) the party having control over the evidence has an obligation to [] produce it; (2) they failed to do so with a culpable state of mind; and (3) the evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.* at *17-18 (citing *Auto. Solutions Corp*. 756 F.3d 504, 513 (6th Cir. 2014); *Beaven v. United States DOJ*, 622 F.3d 540, 553 (6th Cir.2010)).

Here, Defendants (i) were obligated to produce this discovery; (ii) intentionally refused, then purposefully concealed their actions; and (iii) as this Court's Orders indicate, this discovery was relevant to the claims and defenses. A favorable inference that testimony from OMs in the withheld states would have otherwise supported certification of the FLSA collective, is appropriate.

Importantly, given Phase I discovery has long closed, specific compliance with the Court's Orders will not cure this misconduct. First, Plaintiffs are without time to utilize the discovery to support their pending Conditional Certification Motion. Second, even if given additional time, not only would this result in delay and subsequent prejudice to the collective, but Defendants would undoubtedly seek a sur-reply in response to newly filed, supporting declarations. After already having been granted an additional five pages to oppose Conditional Certification [December 19, 2019 Order granting ECF No. 68], any argument Defendants may have asserted in response to declarations from the withheld states would have been made in their original opposition, not in an ill-gotten sur-reply, which would only further delay the case. Third, as further discussed in Plaintiffs' Conditional Certification Motion, testimony of OMs in other states, while certainly supportive of nationwide certification, is by no means essential in light of the breadth of evidence marshaled by Plaintiffs to date. Thus, this Court may proceed to a favorable determination on Plaintiffs' pending Conditional Certification Motion without awaiting this discovery from Defendants. Finally, anything other than an adverse inference will entice future defendants to similarly, improperly withhold this same type of discovery until the last possible moment, notwithstanding a court-order compelling immediate production.

Given specific compliance will not adequately address Defendants' actions, the appropriate sanction is not specific compliance resulting in an undue delay to conditional certification and prejudice to the collective, but rather, a favorable inference.

### B.  Sanction Two: Admonishment Against Future Violations

Fed. R. Civ. P. 37(b)(2) permits dispositive sanctions for a party's direct violation of a court's order. However, imposition of such a harsh remedy requires consideration of whether: (i) the violating party acted willfully or in bad faith; (ii) their adversary was prejudiced; (iii) the

violating party was warned that continued violations would lead to a dispositive sanction; and (iv) less dramatic sanctions were previously imposed or considered. R*egional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154-55 (6th Cir. 1988).[5]

To curb future misconduct, Defendants should be admonished and warned that continued violations of this Court's orders could lead to the eventual imposition of a dispositive sanction.

### C. <u>Sanction Three: Attorneys' Fees and Costs</u>

"Rule 37(b)(2)(C) provides that the court **must** order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *KCI USA, Inc.*, 2018 U.S. Dist. LEXIS 118077 at *13 (quotations and citations omitted) (emphasis in original).

Here, in light of the now three times this Court has had to address this discovery, Defendants should reimburse Plaintiffs for the fees and costs associated with, at a minimum, this Motion, if not also Defendants' prior two attempts to withhold this discovery and the resulting briefing fees and costs Plaintiffs incurred.

### <u>CONCLUSION</u>

WHEREFORE, for the reasons asserted herein, Plaintiffs respectfully request an Order imposing sanctions upon Defendants to include (i) an inference that any testimony which may have been elicited from Office Managers in the absent states would have supported certification of the FLSA collective; (ii) an admonishment that continued violations could lead to a dispositive sanction; (iii) attorneys' fees and costs associated with this Motion; and (iv) and any further relief that this Court deems just and proper.

---

[5]      Though superseded by Fed. R. Civ. P. 37(c)(1) in 1993, the *Regional Refuse Systems, Inc.* four-factor test still applies where dispositive sanctions are sought pursuant to Fed. R. Civ. P. 37(b). *Vance by & Through Hammons v. United States*, No. 98-5488, 1999 U.S. App. LEXIS 14943, at *18 (6th Cir. June 25, 1999).

Dated:   January 3, 2020
            Boca Raton, FL

Respectfully submitted,

*/s/ Paolo C. Meireles*
Paolo C. Meireles, Esq.*
E-mail: pmeireles@shavitzlaw.com
Gregg I. Shavitz, Esq.*
E-mail: gshavitz@shavitzlaw.com
Alan Quiles, Esq.*
Email: aquiles@shavtizlaw.com
Logan A. Pardell, Esq.*
Email: lpardell@shavitzlaw.com
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Rd, Suite 285
Boca Raton, FL 33431
Telephone: (561) 447-8888
Facsimile:  (561) 447-8831

*Attorneys for Plaintiff and the Collective*

***Pro Hac Vice* Admitted**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of Court using CM/ECF on **January 3, 2020**. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

*/s/ Paolo C. Meireles*
Paolo C. Meireles, Esq.*

## SERVICE LIST

*Weisgarber v. North American Dental Group, LLC, et al.*
**CASE NO.: 4:18-cv-02860-BYP**
**United States District Court for the Northern District of Ohio**


Evelyn P. Schonberg
E-mail: lynns@rbslaw.com
Sean S. Kelly
E-mail: skelly@rbslaw.com
**ROSS, BRITTAIN & SCHONBERG**
6480 Rockside Woods Blvd., Ste. 350
Cleveland, OH 44131
Telephone: (216) 447-1551
Facsimile:  (216) 447-1554


Christian C. Antkowiak
E-mail: christian.antkowiak@bipc.com
**BUCHANAN, INGERSOLL & ROONEY**
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
Telephone: (412) 562-3988
Facsimile: (412) 562-1041

*Attorneys for Defendants*

**Served via CM/ECF**

14