PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DIXIE WEISGARBER, *et al.*, | ) |
| Plaintiffs, | ) CASE NO. 4:18CV2860 |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| NORTH AMERICAN DENTAL GROUP, LLC, *et al.*, | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 57] |
| Defendants. | ) |

Pending are Plaintiff Dixie Weisgarber and opt-in Plaintiffs' motion for conditional class certification (ECF No. 57) and motion for sanctions (ECF No. 74). The matters have been briefed and the Court heard oral argument pertaining to both motions. ECF Nos. 57, 72, 74, 75, 76, and 77. For the reasons explained below, the motion for conditional certification is granted and the Court reserves its ruling on the motion for sanctions.

## I. Introduction

### A. Plaintiffs

Plaintiff Dixie Weisgarber worked as an Office Manager ("OM") for Defendants[1] in Austintown, OH from September 2015 to April 2016. ECF No. 1 at PageID #: 2. Opt-in Plaintiff Pamela Iman worked as an OM from July 2016 to November 2017 in Defendants'

---

[1] Although Plaintiff and all the other current opt-in Plaintiffs were directly employed Defendant Professional Dental Alliance, LLC ("PDA"), *see* ECF No. 72 at PageID #: 1283-87, North American Dental Management, LLC ("NADM") provided the training and corporate policies to PDA's employees and other non-party affiliate entities. *See* ECF No 57-1 at PageID #: 400-02; 407-09 [Sealed].

(4:18CV2860)

Cranberry, PA location. ECF No. 57-3 at PageID #: 992. Opt-in Plaintiff Donald Fotz worked as an OM from approximately October 2016 to February 2018 at Defendants' Willoughby Hills, Ohio office. ECF No. 57-4 at PageID #: 1154.

Weisgarber filed this action on behalf of herself and all similarly situated Office Managers ("OMs") alleging violations of the Fair Labor Standards Act ("FLSA"). ECF No. 1. Specifically, Weisgarber alleges that she was classified as an exempt employee, not entitled to overtime payment for hours worked over 40 per week, even though she performed primarily non-exempt duties. *Id*. at PageID #: 4-7. Plaintiffs propose a class consisting of all OMs nationwide who worked for Defendants on or after December 12, 2015.

**B. Defendants**

Defendant North American Dental Group, LLC ("NADG") is a holding company and has no employees. ECF No. 57-1 at PageID #: 376 [Sealed]. NADG has an interest in entities such as Professional Dental Alliance, LLC ("PDA"). *Id.* North American Dental Management, LLC ("NADM") provides support to different dental offices throughout the nation, including PDA. *Id.* at PageID #: 377. Refresh Dental Management, LLC ("Refresh") is the older version of NADM and is no longer in operation.[2] *Id.* PDA is the clinical side of the operations with offices in Michigan, Indiana, Pennsylvania, and Ohio that provides the dentists, hygienists, and others on the clinical side such as an OM. *Id*. at PageID #: 377, 382, 403. Besides PDA, NADM provides

---

[2] Refresh became NADM in 2015. ECF No. 57-1 at PageID #: 377 [Sealed].

(4:18CV2860)

support to other dental offices that hire OMs but are not named Defendants in this action. ECF No. 72 at PageID #: 1284.

According to Defendants, PDA is the only named Defendant that employs Plaintiffs, current opt-in plaintiffs, and declarants. ECF No. 72 at PageID #: 1283-87. Plaintiffs claim that Defendants withheld this informing regarding the third parties until after discovery had concluded and after Plaintiffs filed the pending motion for conditional class certification. *See* ECF No. 74.

**C. Procedural History**

The parties engaged in discovery pertaining to the matter of conditional class certification, which concluded in August 2019. Plaintiffs deposed Caroline Oldsey ("Oldsey"), the Vice President of Human Resources for NADM. *See* ECF No. 57-1 [Sealed]. Defendants deposed Weisgarber and opt-in Plaintiff Pamela Iman. ECF No. 57-3; ECF No. 57-2.

After Plaintiffs filed the motion for conditional certification, the Court stayed the case after the parties indicated that they planned to enter mediation discussions in good faith . ECF No. 64. The stay was subsequently lifted when the parties informed the Court that mediation had not resolved their dispute. ECF No. 71 at PageID #: 1261. The Court ordered the parties to continue their briefing obligations regarding the motion for conditional certification. *Id.* at PageID #: 1262.

(4:18CV2860)

After Defendants filed their brief in opposition to Plaintiffs' motion for class certification, Plaintiffs filed the pending motion for sanctions.³ *See* ECF No. 74. The Court heard oral argument on both motions. *See* Minutes of Proceedings.

## II. Standard of Review

Under the FLSA, one or more employees may bring an action against an employer "for and in behalf of himself and other employees similarly situated." *Albright v. Gen. Die Casters, Inc.*, 2010 WL 6121689, at *1 (N.D. Ohio July 14, 2010) (citing 29 U.S.C. § 216(b)) (internal quotations omitted) (Gwin, J.). "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id*.

A plaintiff alleging a FLSA violation on behalf of other employees similarly situated must meet two requirements: (1) the plaintiffs must actually be similarly situated; and (2) all plaintiffs must signal in writing their affirmative consent to participate in the action. *Comer v. Wal-Mart Stores, Inc*., 454 F.3d 544, 545-46 (6th Cir. 2006). Unlike a Federal Rules of Civil Procedure Rule 23 representative action, in which a putative plaintiff has the opportunity to opt-out of the class, plaintiffs brought into a collective action under the FLSA must affirmatively opt-in to the class. *Id*.

Courts generally take a two-stage approach to collective actions. *Id.* at 546. According to the Sixth Circuit, "[t]he first takes place at the beginning of discovery[ ] [and] [t]he second

---

³ The Court saves a more complete discussion of the circumstances underlying the motion for sanctions for its later ruling on that matter.

4

(4:18CV2860)

occurs after all the opt-in forms have been received and discovery has concluded." *Id.* (citing *Goldman v. RadioShack Corp.*, 2003 WL 21250571, at *6 (E.D. Pa. Apr. 17, 2003)). When a plaintiff is seeking conditional certification at the beginning of discovery, which is also known as the notice stage, a plaintiff must make a "modest factual showing" and must show "only that his position is similar, not identical, to the positions held by the putative class members." *Comer,* 454 F.3d at 546-47. The modest factual showing must also be sufficient to "demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Id.* (quoting *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y 2002)).

When, as is the case here, parties have already conducted discovery on the issue of conditional certification, some courts apply a "modest plus" standard, requiring a showing beyond the lenient step-one standard, but not as stringent as the showing required at step two. *Creely v. HCR ManorCare Inc.*, 789 F. Supp. 2d 819, 827 (N.D. Ohio 2011) (Zouhary, J.); *see, e.g.*, *Cox v. Entertainment U.S.A. of Cleveland, Inc.*, 2014 WL 4302535, at *1 (N.D. Ohio Aug. 29, 2014) (Nugent, J.) (parties conducted three months of discovery prior to motion for conditional certification); *Jungkunz v. Schaeffer's Inv. Research, Inc.*, 2014 WL 1302553, at *7 (S.D. Ohio Mar. 31, 2014) (parties had conducted discovery, and Plaintiff knew the identity of all or nearly all of the potential collective members); *Hurt v. Commerce Energy, Inc.*, 2013 WL 4427255, at *7 (N.D. Ohio Aug. 15, 2013) (Gwin, J.) (parties conducted some discovery on the certification issue). Under step one, the court's analysis "is confined to evaluating whether the proposed collective is 'similarly situated,' and does not touch upon the

5

(4:18CV2860)

merits of the plaintiffs' claims." *Jungkunz*, 2014 WL 1302553 at *7 (citing *Creely*, 789 F. Supp. 2d at 823_24). One key difference under this "modest plus" standard is that the court considers parties' evidence, as well as several factors typically reserved for the stage two analysis, such as "(1) the disparate factual and employment settings of the individual opt-in plaintiffs; (2) the various defenses available to defendants with respect to individual plaintiffs; and (3) fairness and procedural considerations." *Id.* (citing *Creely*, 789 F. Supp. 2d at 823, 826). Ultimately, the court determines whether the plaintiff has "made sufficient showing beyond their original allegations that would tend to make it more likely that a class of similarly situated employees exists." *Creely*, 789 F. Supp. 2d at 827. "Plaintiffs need not have moved the ball far down the field, but they need to have shown some progress as a result of the discovery as measured against the original allegations and defenses." *Id.* Conditional certification under this review "requires an elevated factual showing, something beyond what is alleged in the pleadings and otherwise advancing the ball down the field beyond the pleadings." *Kampfer v. Fifth Third Bank*, 2016 WL 1110257, at *2 (N.D. Ohio Mar. 22, 2016) (Helmick, J.). Nevertheless, even under this heightened standard, "a district court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility." *Boyd v. Schwebel Baking Co.*, 2016 WL 3555351, at *3 (N.D. Ohio June 30, 2016) (Lioi, J.) (citation omitted). The Court considers the merits of the FLSA claims during the stricter second phase review. *Matusky v. Avalon Holdings Corp.*, 2018 WL 4680478, at *3 (N.D. Ohio Sept. 28, 2018) (Pearson, J.).

(4:18CV2860)

### III. Discussion

**A. Similarly Situated Analysis**

In considering a motion for conditional certification, even under a modest "plus" standard, "the court's analysis is confined to evaluating whether the proposed class is 'similarly situated' and does not touch upon the merits of plaintiff's claims." *Boyd*, 2016 WL 3555351, at *4 (Lioi, J.) (quoting *Creely*, 789 F. Supp.2d at 826). To determine whether plaintiffs are similarly situated, the Court considers a number of factors, including the "factual and employment settings of the individual[ ] plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, [and] the degree of fairness and procedural impact of certifying the action as a collective action." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) (citation omitted), *abrogated on other grounds by Campbell Ewald Co. v. Gomez,* 136 S.Ct. 663, 669 (2016).

Plaintiff seeks to certify the following class: All OMs nationwide who worked for Defendants on or after December 12, 2015.[4]

Named Plaintiffs have met the "modest 'plus' factual showing" required for conditional certification of the collective action. Plaintiffs allege that they performed non-exempt work and regularly worked over 40 hours per week. All of the OMs hired by Defendants have the same job

---

[4] Plaintiffs seek to measure the statute of limitations for notice from the filing of the Complaint rather than the issuance of the Order granting conditional certification. The Court addresses this matter in a later portion of this Order.

7

(4:18CV2860)

description.  *Cf. Simpson v. Caresouth Hha Holdings, LLC*, 2016 WL 3349637, at * 4 (M.D. Tenn. June 16, 2016) (finding that companywide certification was not appropriate because "the plaintiffs have presented no evidence beyond this general language demonstrating that the job description actually applied to RNs in other CareSouth locations, let alone that it was accompanied by an FLSA-exempt classification.").  The overwhelming majority of Defendants' 210 locations has an OM.  ECF No. 57-1 at PageID #: 373, 381 [Sealed].  Moreover, Oldsey indicated in her deposition that there has never been a time when OMs were not exempt and are classified as such regardless of the region or market they work in.  *See Lewis v. Huntington Nat'l Bank*, 789 F. Supp. 2d 863, 868 (S.D. Ohio 2011) ("This evidence shows that the putative Nationwide Class all perform the same job functions and are all compensated" in the same manner).  All OMs were treated similarly and had the same job expectations, regardless of location, office size, region, or market.  *See Kampfer*, 2016 WL 1110257, at *5 (honing in on a corporate representative's deposition where she stated the primary responsibilities for the employees subject to the class were all the same).  Furthermore, there have been other individuals identifying as members of the proposed class, who have filed Notices of Consent with the Court intending to "opt in" pursuant to 29 U.S.C. § 216(b).  *See* ECF No. 73-1, ECF No. 52-1; ECF No. 6-2; ECF No. 6-1; *see also Perez v. A+ Building Maintenance and Home Repair, LLC*, 2018 WL 2002420, at *5 (N.D. Ohio Apr. 30, 2018) (Carr, Sr., J.) (finding that plaintiffs had demonstrated they were similarly situated by relying on the experience of different employees).  All of the declarants indicate that: (1) they were classified as exempt and regularly worked more than 40 hours per week; (2) performed the same tasks performed by non-exempt

8

(4:18CV2860)

employees; and (3) that they had no control over the hiring process, managing the office, or input into corporate policies. ECF No. 57-12 at PageID #: 1213; ECF No. 57-11 at PageID #: 1206; ECF No. 57-10 at PageID #: 1199; ECF No. 57-9 at PageID #: 1192; ECF No 57-8 at PageID #: 1185-86; ECF No. 57-7 at PageID #: 1178-79; ECF No. 57-6 at PageID #: 1171-72; ECF No 57-4 at PageID #: 1156-57.

Defendants seek to defeat Plaintiff's motion by attempting to distinguish Weisgarber and Iman from other OMs. For example, Defendants state that other offices have both a front-desk coordinator and an OM, whereas neither offices at which Weisgarber and Iman worked had a front-desk coordinator, and that both held themselves out as performing managerial duties when applying for jobs after working for PDA. *See* ECF No. 72 at PageID #: 1280-81. Weighing the merits of the factual allegations, however, is not appropriate at this juncture. *See Hernandez v. Telelink, LLC,* 2019 WL 6270920, at *3 (N.D. Ohio Nov. 25, 2019) (Pearson, J.) ("At the notice stage, district courts within the Sixth Circuit typically do not consider the merits of the plaintiff's claims, resolve factual disputes, make credibility determinations, or decide substantive issues.") (citations omitted).

Defendants also ask the Court to reject Weisgarber's and Iman's description of their role as an OM and to instead give more weight to Defendants' declarants. ECF No. 72 at PageID #: 1280-81. Despite these differences, Defendants' declarants' claims are insufficient to defeat conditional certification at this stage. *See Betts v. Central Ohio Gaming Ventures, LLC,* 2018 WL 2316641, at * 6 (S.D. Ohio Jan. 5, 2018); *Myers v. Marietta Mem. Hosp.*, 201 F. Supp. 3d 884, 891-92 (S.D. Ohio 2016) ("[T]he Court agrees with the reasoning of other district courts

9

(4:18CV2860)

that have declined to rely on these types of declarations collected by employers at the conditional-certification stage.") (citations omitted); *Creely*, 789 F. Supp. 2d at 840.

Defendants aver that Plaintiffs have not demonstrated an unlawful policy. This is of no moment, given that the Sixth Circuit has held that "a 'unified policy' of violations is not required" for conditional certification. *O'Brien*, 575 F.3d at 584. Even so, Plaintiffs have sufficiently alleged, at this stage, that they perform primarily clerical work despite their job description and title as OM. *Kis v. Covelli Enters., Inc.*, 2018 WL 2227782, at *1 (N.D. Ohio May 16, 2018) (Gwin, J.) ("And they claim that they were not properly compensated for their overtime hours and set forth allegations to support the claim that they are not exempt from the FLSA's overtime requirements.") *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 770 (N.D. Ohio 2015) (Lioi, J.) ("Through declarations of plaintiffs and potential opt-in former co-managers, plaintiffs have preliminarily demonstrated that in-store co-managers performed similar duties that often were devoid of management responsibility, regularly worked in excess of forty hours of week, and were similarly compensated by a pay system that did not include overtime.")[5]; *Jackson v. Papa John's USA, Inc.*, 2009 WL 385580, at *5 (N.D. Ohio Feb. 13, 2009) (Gwin, J.) (noting that although treating all Assistant Managers as exempt from FLSA is not illegal, the plaintiff "additionally alleges that Assistant Managers do not perform sufficient managerial

---

[5] The Court is cognizant that the *Waggoner* court noted that "[a] different result might have been reached head the Court employed the more stringer 'modest plus' standard for conditional certification." *Waggoner*, 110 F. Supp. 3d at 771. For the reasons articulated earlier, the Court finds that the discovery the parties produced supports a finding of conditional certification.

10

(4:18CV2860)

functions to justify exempt treatment.")  Plaintiffs also need not prove whether the policy is lawful at this stage.  See *Luster v. AWP, Inc.*, 2017 WL 3140697, at * 2 (N.D. Ohio July 25, 2017) (Boyko, J.) ("It is sufficient for this stage that Plaintiffs have established a policy or practice and have advanced arguments that the policy violates the FLSA."); *Hamm v. Southern Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 876 (S.D. Ohio 2017) (finding the determination of an unlawful policy "relates to the merits of Plaintiff's claims and is not relevant at this stage of the proceedings.") (citations omitted).

Accordingly, Plaintiffs have sufficiently demonstrated that OMs employed by Defendants are similarly situated.

**B. Notice**

Defendants insist three limitations must be imposed on the class certification: (1) it must be limited to two years which should be measured from the date of this Order; and (2) should only include OMs employed in Ohio, Michigan, Pennsylvania, and Indiana, the only states in which Weisgarber and the current opt-in plaintiffs were hired; and (3) should not include potential opt-in OMs with Arbitration Agreements.   The Court addresses each contention below respectively.

(4:18CV2860)

### 1. Statute of Limitations[6]

The parties suggest different times from which the statute of limitations should be measured, namely either the filing of the Complaint or from the issuance of this Order granting conditional certification. One court in the Northern District of Ohio has held that the statute of limitations should run from the issuance of the Order grating conditional certification. *Arends v. Family Sols. of Ohio*, 2019 WL 4417674, at *11 (N.D. Ohio Sept. 16, 2019) (Barker, J.) (citations omitted). Another judicial officer in the Northern District of Ohio has measured the statute of limitations from the filing of the motion for conditional certification. *See Kampfer*, 2016 WL 1110257, at *6 (Helmick, J.) (permitting the statute of limitations period to be measured against the date the motion for conditional certification was filed). Based on the record before the undersigned, the opt-in notice period should be measured from the filing of the motion for conditional certification. Specifically, the class shall comprise all OMs hired by Defendants, including all OMs hired by all Defendants and all of Defendants' affiliated entities[7], from August 16, 2016 to August 16, 2019. *See* ECF No. 57 (motion for class certification filed on August 16, 2019). This approach is more prudent than counting from the filing of this Order because it

---

[6] Defendants' argument that the statute-of-limitations should be two years as opposed to three years requires a merit-based determination that should be made in the next stage of the certification process. *See Kinder v. MAC Manufacturing Inc.*, 318 F. Supp. 3d 1041, 1048 (N.D. Ohio 2018) (Pearson, J.) ("Because Defendants' statute of limitations argument requires an evaluation on the merits of Plaintiff's claim, it is inappropriate for resolution at this early stage of litigation.") Accordingly, the Court rejects this argument without prejudice to Defendants' ability to raise it at a later stage.

[7] The Court details this further in a later section of this Order.

12

(4:18CV2860)

considers the parties' nearly three-month effort to mediate, the parties' Tolling Agreement, and the subsequent oral argument that was held after the motion was filed. *See* ECF No. 65 (discussing the parties' Tolling Agreement); ECF No. 61 (parties' joint motion to stay the case to enter into mediation).

Accordingly, the class shall include all OMs who have worked for Defendants as of three years from the filing of the motion for conditional certification.

### 2. Geographic Scope of Notice

Defendants also seek to limit the geographic scope of the collective action notice to OMs employed by PDA in three to four states. ECF No. 72 at PageID #: 1283-85. Plaintiffs retort that Defendants were ordered to produce discovery identifying potential opt-in plaintiffs in all states, not just states for OMs employed by PDA. ECF No. 75 at PageID #: 1481-83.

Defendants critical to resolving this dispute are NADM and PDA. PDA is the only named Defendant that directly employs OMs. ECF No. 72 at PageID #: 1284. NADM provides support to other dental offices around the nation other than PDA which hire OMs. During discovery, Plaintiffs requested information about "all OMs employed by all Defendants." *See* ECF No. 74 at PageID #: 1454. Defendants only provided information about OMs hired by PDA, the only named Defendant that hires OM, but did not elaborate that NADM cooperates

13

(4:18CV2860)

with other third parties that also hire OMs.[8]  See ECF No. 74; ECF No. 72 at PageID #: 1284-85.  According to Defendants, PDA is the only named Defendant that employs Plaintiffs.  ECF No. 72 at PageID #: 1284-85.  Plaintiffs claim that Defendants withheld this information until after discovery had concluded and after Plaintiffs filed the pending motion for conditional class certification.  See ECF No. 74.

Plaintiffs allege that all Defendants jointly employed OMs such as Weisgarber and other potential opt-in Plaintiffs.  ECF No. 1 at PageID #: 3.  This allegation necessarily includes OMs who work for third parties associated with NADM.  Defendants contend that NADM is not a joint employer of OMs who are directly employed by those third parties.  This claim is more appropriately resolved in the next stage of litigation.  *Thomas v. Papa John's Int'l, Inc.*, 2019 WL 4743637, at * 4 (S.D. Ohio Sept. 29, 2019) ("[S]everal courts have found it proper to conditionally certify an FLSA class that consists of employees of related employers, and reserved consideration of whether the separate employers are joint employers for a final, stage two determination.") (citation omitted); *Perry,* 2018 WL 3218413, at *3 ("The question of whether corporate Defendants in fact qualify as joint employers under the FLSA is not before the Court.").  Moreover, at this stage, there is ample evidence to suggest that OMs are treated the same nationwide, not merely in just the states in which PDA employs OMs.

---

[8] Although these facts are more pertinent to the pending motion for sanctions (ECF No. 74), they are also relevant for the resolution of the scope of the notice.  As explained above, the Court reserves its ruling on the motion for sanctions for a later date.

(4:18CV2860)

Plaintiffs have demonstrated that Defendant NADM operates in nine states with at least 210 locations. ECF No. 57 at PageID #: 348; ECF No. 57-1 at PageID #: 373 [Sealed]. Moreover, all OMs nationwide receive the same training and are subject to the same on-boarding process that are directed from NADM's corporate office, not PDA. ECF No. 57-1 at PageID #: 398, 400-02, 407-08, 413 [Sealed]; *see also Jackson*, 2009 WL 3885580, at *5 ("The training manuals, however, that Plaintiff Jackson submitted do support his claim that the Defendants's FLSA violation is nationwide.") NADM also created and provided the OM job description, which is uniform across all offices, to its partners and other Defendants. ECF No. 57-1 at PageID #: 376, 391-92, 395-96 [Sealed]. All OMs are evaluated under the same rubric as well. *Id.* at PageID #: 412-13. Should it "become[] apparent at a later stage that [Defendants] . . . [were] not the class members' employer, [they] may move for decertification." *Kis*, 2018 WL 2227782, at 2.

Plaintiffs have provided enough evidence to suggest that there should be a nationwide class. Plaintiffs' nationwide conditional certification shall also be comprised of OMs who work for third parties associated with all Defendants.

### 3. Opt-In Plaintiffs Who Agreed to Arbitration

Defendants also seek the Court's leave to brief the issue of OMs who may opt-in to the collective action that have signed arbitration agreements. Defendants further acknowledge that neither Plaintiff nor the opt-in have signed arbitration agreements. Defendants' request is premature. *See Clark v. Pizza Baker, Inc.*, 2019 WL 4601930, at * 7 (S.D. Ohio Sept. 23, 2019) ("Thus, [Defendants] cannot presume to know that plaintiffs with arbitration agreements will

(4:18CV2860)

ultimately opt in to the suit."); *Colley v. Scherzinger Corp.*, 176 F. Supp. 3d 730, 735 (S.D. Ohio 2016) (finding that the Court should not address the merits of whether the employees are bound by arbitration agreements at this stage). "[C]ourts have consistently held that the existence of arbitration agreements is 'irrelevant' to collective action approval because it raises a merits-based determination.'" *Romero v. La Revise Assocs. L.L.C.*, 968 F. Supp. 2d 639, 647 (S.D.N.Y. 2013) (citations omitted). The proper route "is to decide whether to certify the class without considering the possibility of arbitration and then decide who must arbitrate. If it turns out that some potential class members must arbitrate, the Court can always decertify, subclassify, or otherwise alter the class later." *Holmes v. Kelly Servs. USA, LLC*, 2017 WL 1077987, at *4 (E.D. Mich. Mar. 22, 2017).

In summary, Plaintiffs' motion, deposition transcripts, and attached declarations, establish that Plaintiffs have met their burden in making the requisite factual showing for conditional certification of a nationwide collective action under 29 U.S.C. § 216(b).

### C. Motion for Sanctions

The Court heard oral argument on Plaintiff's motion for sanctions (ECF No. 74). At this time, the Court reserves its ruling on the pending motion for sanctions.

### IV. Conclusion

For the reasons explained above, the Court grants Plaintiffs' motion for conditional class certification and orders the following.

16

(4:18CV2860)

The class shall consist of all OMs who have worked for Defendants, including the third parties that also hired OMs, from the three years prior to the filing of the motion for conditional certification.

The Court holds resolution on the pending motion for sanctions in abeyance at this time.

The Court directs the parties to meet and confer in good faith for the purpose of negotiating the language of the notice that is to be issued to the proposed collective and the procedure for issuing the notice. If they are able to agree upon the form of the notice, within 14 days of the date of this Memorandum of Opinion and Order, the parties shall submit a joint proposed notice for the Court's final approval. If the parties are unable to agree, Plaintiffs shall submit a notice and any objections remaining after conference shall be indicated by Defendants in a redlined version showing its proposed alterations. Thereafter, the Court will resolve the conflict. The Court further directs that, within 30 days of the approval of the form of the notice by the Court, said notice shall be sent to all potential collective members.

IT IS SO ORDERED.

  March 20, 2020       */s/ Benita Y. Pearson*
Date     Benita Y. Pearson
    United States District Judge